UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| K'WAUN COLE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 3:23-cv-324 (VLB) |
| | : | |
| YU, et al., | : | |
| Defendants. | : | |
| | : | |

### ORDER

Plaintiff, K'waun Cole, currently confined at Corrigan-Radgowski Correctional Center ("Corrigan") in Uncasville, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983.  Plaintiff names three defendants, Warden Robert Martin and Correctional Officers Yu and Stone.  He seeks damages for the defendants' deliberate indifference to his safety.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity.  28 U.S.C. § 1915A(a).  Upon review, the court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b).

The court has thoroughly reviewed all factual allegations in the Complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A.  Based on this initial review, the court orders as follows.

I. Factual Background

While the court does not set forth all of the facts alleged in Plaintiff's Complaint, it summarizes his basic factual allegations here to give context to its ruling below.

Plaintiff, a sentenced inmate, was confined at Corrigan. On September 25, 2022, inmate Allen, who was unsentenced, was assigned as Plaintiff's cellmate. That evening, as Allen was leaving the cell for recreation, he called to Officers Yu and Stone to come and get Plaintiff before Allen beat him to death. Officers Yu and Stone said they did not care and told Allen to go ahead.

Allen ran back into cell and began punching, kicking, and choking Plaintiff who did not fight back. The attack lasted for 10-15 minutes, during which time Officers Yu and Stone watched and did not intervene. Plaintiff was hospitalized for the multiple injuries he suffered during the assault, including a brain bleed.

II. Discussion

Plaintiff alleges that the defendants were deliberately indifferent to his safety. Officers Yu and Stone failed to protect him from assault by Allen, and Warden Martin instituted a policy of housing sentenced and unsentenced inmates in the same housing unit and even the same cell.

To state an Eighth Amendment claim for deliberate indifference to safety or failure to protect from harm, Plaintiff must show that he was confined under conditions that posed a substantial risk of serious harm and that Defendants both knew that he faced a substantial risk of serious harm and failed to take reasonable actions to abate or avert the harm. *See Farmer v. Brennan*, 511 U.S.

825, 837 (1994); *Lewis v. Swicki*, 629 F. App'x 77, 79 (2d Cir. 2015) (citing *Hayes v. Department of Corr.,* 84 F.3d 614, 620 (2d Cir. 1996)).  There is no "bright line test" to determine whether a risk of serious harm is "substantial" for Eighth Amendment purposes.  *See Lewis v. Siwicki*, 944 F.3d 427, 432 (2d Cir. 2019).  The court must "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk," *i.e.,* "the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original).

Plaintiff was assigned a cellmate who assaulted him after correctional officers appeared to sanction the conduct.  This allegation is sufficient to meet the objective component of the deliberate indifference test, that he was confined under conditions that posed a substantial risk of serious harm.

A.  Officers Yu and Stone

Plaintiff alleges that Officers Yu and Stone encouraged Allen when he threatened to beat Plaintiff to death and did nothing during the assault which lasted 10-15 minutes.  These allegations show that Officers Yu and Stone were aware of the threat to Plaintiff's safety and did nothing.  The failure to protect/deliberate indifference to safety claim will proceed against Officers Yu and Stone.

B.  Warden Martin

Plaintiff alleges that Warden Martin created the policy housing sentenced and unsentenced inmates together.  Warden Martin is a supervisory official.  The

Second Circuit has held that "there is no special rule for supervisory liability"; "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal citation omitted).  Thus, for deliberate indifference claims, "the plaintiff must plead and prove that the supervisor had subjective knowledge of a substantial risk of serious harm to an inmate and disregarded it." *Id.* at 616.

Although a supervisor cannot be found liable solely "by reason of [his] supervision of others who committed the violation," id. at 619, "it seemingly remains possible for a policy maker to be held liable for his creation or continuance of an unconstitutional policy or custom."  *Jok v. City of Burlington*, Vt., No. 2:19-cv-70, 2022 WL 444361, at *11 (D. Vt. Feb. 14, 2022) (citing *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010) (holding that "§ 1983 [still] allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy" which results in a violation of constitutional rights)).

The practice of housing sentenced and unsentenced inmates together is not unconstitutional.   See *Edwards v. Erfe*, 588 F. App'x 79, 81 (2d Cir. 2015) (sentenced prisoner cannot state Eighth Amendment claim because he was housed with an unsentenced inmate).  As Warden Martin's policy permitting sentenced and unsentenced inmates together does not, by itself, violate the constitutional rights of a sentenced inmate and Plaintiff alleges no facts

suggesting that Warden Martin was aware of any specific threat to Plaintiff's safety as a result of this particular cell assignment, Plaintiff cannot state a cognizable claim against Warden Martin. The claim against Warden Martin is dismissed.

## CONCLUSION

The claim against Warden Martin is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1). The case will proceed on the deliberate indifference to safety/failure to protect claim against Officers Yu and Stone in their individual capacities.

The Court enters the following additional orders.

(1)   The Clerk shall verify the current work addresses for Officers Yu and Stone with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packets containing the Complaint and this Order to them at the confirmed addresses within twenty-one (21) days of this Order, and report to the court on the status of the waiver requests on the thirty-fifth day after mailing. If either defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the cost of such service.

(2)   The Clerk shall send Plaintiff a copy of this Order.

(3)   Defendants shall file their response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the waiver forms are sent. If they choose to file an answer, they shall admit or deny the

5

allegations and respond to the cognizable claims recited above.  They also may include all additional defenses permitted by the Federal Rules.

   (4)   Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

   (5)   All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

   (6)   Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

   (7)   If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court.  Failure to do so can result in the dismissal of the case.  Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address.  Plaintiff should also notify Defendants or the attorney for Defendants of his new address.

   (8)   Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court.  Plaintiff is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery

requests are not filed with the court, discovery requests must be served on defendants' counsel by regular mail.  In addition, Plaintiff must serve copies of all documents by regular mail on any defendant who does not participate in electronic filing.

(9) The Clerk shall immediately enter the District of Connecticut Standing Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates and shall send a copy to Plaintiff.

SO ORDERED.

Dated this 19th day of May 2023 at Hartford, Connecticut.

/s/
**Vanessa L. Bryant**
**United States District Judge**